UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tina M. Smathers,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:14–cv–500

Judge Michael H. Watson

Magistrate Judge King

## OPINION AND ORDER

Defendant the Commissioner of Social Security ("the Commissioner") objects to the Report and Recommendation ("R&R") that Magistrate Judge King issued in this social security case, ECF No. 19, which recommends reversing and remanding the Commissioner's decision. Obj., ECF No. 22. For the following reasons, the Court overrules the Commissioner's objections.

## I. BACKGROUND

On May 21, 2010, Tina M. Smathers ("Plaintiff") applied for supplemental social security benefits, alleging a disability since March 21, 2005.

On January 24, 2013, an Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for the period between the date of her application for benefits and the date of his decision. The ALJ found that although Plaintiff

suffers from severe impairments, there are a significant number of jobs in the national economy that Plaintiff can perform.

Plaintiff appealed the ALJ's decision to this Court on May 27, 2014.

On January 28, 2015, Magistrate Judge King issued an R&R recommending that the action be reversed to the Commissioner for further consideration of whether Plaintiff can perform work that exists in significant numbers in the national economy. The Commissioner now objects to that recommendation.

## II. STANDARD OF REVIEW

Magistrate Judge King issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## III. ANALYSIS

An individual is deemed disabled under the Social Security Act if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether an

individual is disabled, administrative and judicial officials employ a five-step sequential evaluation process. 20 C.F.R. § 416.920(a)(4). As Magistrate Judge King explained:

> The claimant bears the burden of proof through step four; once a claimant proves that she is unable to perform her past relevant work, the burden shifts to the Commissioner to show that the claimant can make adjustments to other work that exists in the national economy. See Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 652 (6th Cir. 2009); 42 U.S.C. § 423(d).

R&R 6, ECF No. 19. To satisfy this burden, "the Commissioner may provide evidence that a significant number of jobs exists in the local or national economy." Id. at 9 (citing Geiger v. Apfel, 229 F.3d 1151 (6th Cir. 2000)).

Work that exists in the national economy is defined as "work which exists in significant numbers either in the region where [the individual] lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). "Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications." 20 C.F.R. § 416.966(b).

With respect to the number of jobs available for Plaintiff, the vocational expert testified as follows:

> Well there would be no jobs -- they would not -- those jobs would not be something an individual could do, but I believe an individual could carry out the work activities of a surveillance system monitor. And the DOT code is 379.367-010. Now these numbers are reduced by 50 percent. Even though the DOT lists this as a unskilled occupation, in my opinion, since the advent of Homeland Security, at

> least 50 percent of those jobs rise to the level of semiskilled and it would be my opinion also that those jobs might involve interaction with others and some workplace change. But in settings that I'm recommending here, I believe there would be no work change setting. **The numbers are 16,500 and regionally 600.** I don't believe I can offer anything else, Your Honor, that would meet that limitation.

AR 60–61 (emphasis in original).

Relying on this testimony, the ALJ found that there exists a significant number of jobs in the national economy that Plaintiff can perform with her limitations:

> The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as a surveillance system monitor, DOT code 379.367-010 (16,500 jobs and 600 jobs regionally).
>
> . . .
>
> The vocational expert testified that due to the recent inception of the Office of Homeland Security, many of the jobs available involve interaction with others and significant workplace changes. The vocational expert additionally testified that such jobs in the Office of Homeland Security require training, making them semiskilled to skilled positions. Considering these factors and based on her experience, and education level, the vocational expert reduced the number of jobs available as a surveillance system monitor by 50% based on the claimant's inability to tolerate such work environments. Although reduced by 50%, the undersigned finds that a significant amount of work remains in the national economy that the claimant could perform, even with the limitations described in the above-defined residual functional capacity.

AR 28–29.

Plaintiff challenged this finding in her Statement of Errors. Statement of Errors 8–13, ECF No. 10.

Magistrate Judge King made three key findings with respect to this issue. She first found that the vocational expert's testimony and the ALJ's decision is ambiguous as to whether there are 600 regional and 16,500 national jobs available or 300 regional and 8,250 national jobs available (i.e. a fifty percent reduction). She further found that the vocational expert identified only one job that Plaintiff could perform—surveillance system monitor—as the expert did not suggest that this position is representative of other jobs that Plaintiff could perform. Last, she found that the region identified by the vocational expert, Ohio and West Virginia, is relatively large. Magistrate Judge King determined that given these findings, the ALJ's finding that there exists a significant number of jobs in the national economy that Plaintiff can perform is not supported by substantial evidence. R&R 12, ECF No. 19.

The Commissioner objects to this determination on three grounds: (1) Magistrate Judge King erred in considering the argument that only 300 regional and 8,250 national jobs, as opposed to 600 regional and 16,500 national jobs, are available to Plaintiff, (2) even considering that argument, substantial evidence supports the ALJ's finding that a significant number of jobs exist in the national economy; and (3) Magistrate Judge King employed an improper standard of review.

**A. The Magistrate Judge did not err in considering Plaintiff's argument.**

The Commissioner argues that Plaintiff's Statement of Errors did not develop the argument that 300 regional and 8,250 national jobs do not constitute a significant number of jobs in the economy but rather addressed whether 600 regional and 16,500 national jobs constitute a significant number. The Commissioner avers that it is not until her Reply that Plaintiff articulates an argument based on 300 regional and 8,250 national jobs. Therefore, the Commissioner argues, Plaintiff's argument with respect to 300 regional and 8,250 national jobs is waived, and Magistrate Judge King erred in relying on it in recommending reversal.

While Plaintiff's Statement of Errors does not explicitly articulate that she based her argument on the existence of 300 regional and 8,250 national jobs, Plaintiff does discuss the vocational expert's testimony regarding the fifty percent reduction in jobs. She also twice indicates in her Statement of Errors that the number of regional jobs at issue is 300. Statement of Errors 2, ECF No. 10 ("However, the ALJ found that Smathers could perform other work that exists in significant numbers, specifically surveillance system monitor with 300 such jobs existing regionally (Tr. 20-1)."); *id.* at 8. Thereafter, in response to the Commissioner's argument that 600 regional and 16,500 national jobs constitute a significant number of jobs, Plaintiff clarifies in her Reply that she considers the number of available jobs at issue to be 300 regionally and 8,250 nationally.

Reply 1, ECF No. 18. Accordingly, Magistrate Judge King did not err in considering whether 300 regional and 8,250 national jobs may constitute a significant number.

**B. Substantial evidence does not support the ALJ's finding.**

The Commissioner argues that even if the number of available jobs is 300 regionally and 8,250 nationally, the ALJ's step five finding would still be supported by substantial evidence. The Commissioner appears to specifically argue that given the United States Court of Appeals for the Sixth Circuit's finding that 2,000 national jobs constituted a significant number in *Nejat v. Commissioner of Social Security*, 359 F. App'x 574 (6th Cir. 2009), 8,250 national jobs constitutes a significant number in this case.

The Commissioner's argument is not well taken. The fact that the Sixth Circuit found 2,000 national jobs to be significant in *Nejat* does not require a finding that 8,250 national jobs is a significant number in this case. The determination of what constitutes a significant number of jobs is addressed on a case-by-case basis, and indeed, the *Nejat* court acknowledged this principle immediately before making its determination that 2,000 national jobs constituted a significant number *in that case*. *Nejat*, 359 F. App'x at 479 ("Refusing to 'set forth one special number [as] the boundary between a 'significant number' and an insignificant number of jobs,' *Hall* counseled that courts address the determination on a case by case basis." (citation omitted)). In this case, given

Plaintiff's limitations, the size of the region at issue, and the fact that the record reflects that Plaintiff can only perform a single job, Magistrate Judge King did not err in finding a lack of substantial evidence to support a finding that 8,250 or 16,500 national surveillance system monitor jobs constitute a significant number.

**C. Magistrate Judge King did not employ an improper standard of review.**

The Commissioner last contends that by relying on the ambiguity as to the number of jobs available in reversing the ALJ's decision, Magistrate Judge King employed the improper standard of review. The Commissioner's argument is as follows. It is well established that the Commissioner's findings are not subject to reversal merely because substantial evidence supports a different conclusion. Magistrate Judge King acknowledged that there were two reasonable interpretations of the vocational expert's testimony and the ALJ's decision: (1) the interpretation advocated by the Commissioner that 600 regional and 16,500 national jobs exist; and (2) the interpretation advocated by Plaintiff that 300 regional and 8,250 national jobs exist. Binding case law has held that 600 regional jobs is a significant number. Therefore, because Magistrate Judge King concluded it was reasonable to read the evidence as reflecting 600 regional jobs, the ALJ's decision is supported by substantial evidence, and Magistrate Judge King erred in recommending reversal based on Plaintiff's contrary interpretation of the record.

The Commissioner's argument is unavailing. The Commissioner is correct that courts do not reverse the Commissioner merely because substantial evidence supports a contrary conclusion. That is not what occurred here, however. Magistrate Judge King did not find that substantial evidence supports a finding that there are a significant number of available jobs in the economy but nevertheless recommend reversal because substantial evidence also supports a contrary finding. Rather, she found that the record is ambiguous as to the number of available jobs and determined that such ambiguity, combined with other factors, precludes a finding that the ALJ's decision is supported by substantial evidence. In other words, she correctly found that absent a clear determination of the number of available jobs, the Court cannot find that substantial evidence supports a finding that the number of jobs is significant.

In sum, Magistrate Judge King did not err in concluding that the ALJ's step-five finding is not supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the Commissioner's objections and **ADOPTS** the R&R. The Commissioner's decision is **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and **REMANDED** to the Commissioner for further consideration of whether Plaintiff can perform work that exists in significant numbers in the national economy.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**