IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TINA M. SMATHERS,

        Plaintiff,

  vs.                                  Civil Action 2:14-CV-500
                                          Judge Watson
                                          Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

This action was instituted under the provisions of 42 U.S.C. §§ 405(g), 1383(c) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income. On September 22, 2015, the Court reversed the decision of the Commissioner pursuant to Sentence 4 of 42 U.S.C. § 405(g) and remanded the matter for further consideration of whether plaintiff can perform work that exists in significant numbers in the national economy. *Opinion and Order*, ECF No. 24. This matter is now before the Court on plaintiff's *Application for Attorney Fees pursuant to the Equal Access to Justice Act*, ECF No. 26 ("*Plaintiff's Motion for Fees*"), and plaintiff's *Memorandum in Support of Application for Attorney Fees pursuant to the Equal Access to Justice Act,* ECF No. 27 ("*Memorandum in Support*"). The Commissioner opposes *Plaintiff's Motion for Fees*, *Defendant's Opposition to Plaintiff's Motion for Attorney Fees under EAJA,* ECF No. 30 ("*Commissioner's Response*"), and plaintiff has filed a reply, *Plaintiff's Response to Opposition to Motion for Attorney's Fees under EAJA*, ECF No. 31.

The Equal Access to Justice Act ("EAJA") provides in pertinent part:

1

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ...  incurred by that party in any civil action ...  brought by or against the United States ...  unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). In order to recover attorney fees under the EAJA, a plaintiff must satisfy three conditions: (1) she must be a "prevailing party"; (2) the Government's opposing position must have been without substantial justification; and (3) there must be no special circumstances that warrant denying relief. *DeLong v. Comm'r of Soc. Sec.,* 748 F.3d 723, (6th Cir. 2014)(citing *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006), and 28 U.S.C. §2412(d)(1)(A)).

Plaintiff requests a fee of $4,088.00, *Plaintiff's Motion for Fees*, that amount reflecting 22.4 hours of work compensated at a rate of $182.50 per hour, *Memorandum in Support*. The Commissioner does not deny that plaintiff qualifies as a prevailing party, nor does the Commissioner contend that there exist special circumstances that would render an award under the EAJA unjust. Instead, the Commissioner contends that her position in initially denying benefits and defending that denial before this Court was "substantially justified" within the meaning of the EAJA. *See generally Commissioner's Response*.

The United States Court of Appeals for the Sixth Circuit has considered the meaning of the term "substantially justified" for purposes of the EAJA:

> The government's position under §2412(d)(1)(A) is "substantially justified if it is 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." ... [A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law

2

and fact.
*United States v. Real Property Located at 2323 Charms Road,* 946 F.2d 437, 440 (6th Cir. 1991) (citations omitted). An order of remand pursuant to Sentence 4 of 42 U.S.C. § 405(g) is not alone "a proper basis for the allowance of fees and expenses under" the EAJA. *Couch v. Sec. of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984)(*per curiam*).

The resolution of the issues presented in this case turned on the finding by the administrative law judge that, despite her severe impairments, plaintiff is nevertheless able to perform a significant number of jobs in the national economy, including such "representative occupations . . . as a surveillance system monitor." *PAGEID* 66-68. In making this finding, the administrative law judge relied on the testimony of the vocational expert. However, the vocational expert initially testified that there were 16,500 surveillance system monitor jobs nationally and 600 in the West Virginia and Ohio region, but later "reduced the number of jobs available as a surveillance system monitor by 50%." *See PAGEID* 67-68. The Court concluded that, "given Plaintiff's limitations, the size of the region at issue, and the fact that the record reflects that Plaintiff can only perform a single job," the finding of the administrative law judge that plaintiff is able to perform a significant number of jobs is not supported by substantial evidence. *Opinion and Order*, ECF No. 24, *PAGEID* 876-77. In reaching this conclusion, the Court found that the record – and in particular the testimony of the vocational expert – was ambiguous: "[A]bsent a clear determination of the number of available jobs, the court cannot find that substantial evidence supports a finding that the number of jobs is significant." *Id*. at *PAGEID* 878.

Even though the decision of the Commissioner was reversed, this Court

concludes that the Commissioner's position in this action was substantially justified within the meaning of the EAJA. Indeed, in discussing the ambiguity of the vocational evidence and the parties' differing interpretations of that evidence, the Court expressly characterized both interpretations as "reasonable." *Report and Recommendation,* ECF No. 19, PAGEID 850. Under these circumstances, the Court concludes that an award of fees pursuant to the EAJA is unwarranted.

It is therefore **RECOMMENDED** that plaintiff's *Application for Attorney Fees pursuant to the Equal Access to Justice Act*, ECF No. 26, be denied.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4

Date:  April 1, 2016                             *s/Norah McCann King*
                                                  Norah McCann King
                                          United States Magistrate Judge