**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Tina M. Smathers,

      Plaintiff,                          Case No. 2:14–cv–500

      v.                                 Judge Michael H. Watson
                                           Magistrate Judge King

Commissioner of Social Security,

      Defendant.

## OPINION AND ORDER

Plaintiff Tina M. Smathers ("Plaintiff") objects to the Report and

Recommendation ("R&R") that the United States Magistrate Judge issued, ECF

No. 32, which recommends denying Plaintiff's application for fees, ECF No. 26,

under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Obj., ECF

No. 33. The Commissioner of Social Security ("the Commissioner") has

responded to Plaintiff's objection. Resp. to Obj., ECF No. 34. For the reasons

that follow, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the R&R.

Plaintiff instituted this action under the provisions of 42 U.S.C. §§ 405(g),

1383(c) for review of a final decision of the Commissioner of Social Security

denying Plaintiff's application for supplemental security income. On September

22, 2015, the Court reversed the decision of the Commissioner pursuant to

Sentence 4 of 42 U.S.C. § 405(g) and remanded the matter for further

consideration of whether Plaintiff can perform work that exists in significant

numbers in the national economy.  Op. and Order, ECF No. 24.  In reaching this

decision, the Court specifically noted that there existed some ambiguity in the

evidence (specifically, the vocational expert's testimony) as to the precise

number of jobs available to Plaintiff in the regional and national economies.  Id.;

Report and Recommendation 9–12, ECF No. 19.

Thereafter, Plaintiff applied for an award of attorney's fees under the

EAJA, seeking a fee of $4,088.00, Application, ECF No. 26, which reflects 22.4

hours of work compensated at a rate of $182.50 per hour.  See Itemization, ECF

No. 26-1; Pl. Brief, ECF No. 27.[1]  In response, the Commissioner did not contend

that Plaintiff was not a prevailing party or that the requested fee was

unreasonable.  Resp. to App., ECF No. 30.  Rather, the Commissioner argued

that her position in denying benefits at the administrative level and in defending

the denial in this Court was "substantially justified" under the EAJA.  Id.  Plaintiff

disagreed and insisted that the Commissioner's position was not substantially

justified.  Reply, ECF No. 31.  Plaintiff specifically argued that the

Commissioner's objections to the recommendation on the merits, ECF No. 19,

undermine her current position on fees.  Id. at 2–3.

On April 4, 2016, the United States Magistrate Judge recommended that

Plaintiff's application for fees be denied, concluding that the Commissioner's

---

[1] Plaintiff later increased her total fee request to $4,855.30, reflecting an additional 4.2
hours expended on her fee request under the EAJA.  Reply 4, ECF No. 31; Supp.
Itemization, ECF No. 31-1.

position was substantially justified. R&R, ECF No. 32. The Magistrate Judge specifically noted that even though the Court reversed the Commissioner's decision, "in discussing the ambiguity of the vocational evidence and the parties' differing interpretations of that evidence, the Court expressly characterized both interpretations as 'reasonable.'" *Id.* at 4 (quoting *Report and Recommendation*, ECF No. 19).

Plaintiff objects to the R&R, which the Court considers de novo. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

The EAJA authorizes an award of fees incurred in connection with judicial proceedings: "[A] a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified. . . ." 28 U.S.C. § 2412(d)(1)(A). An applicant must satisfy the following requirements in order to recover fees under the EAJA:

> (1) that the fee applicant be a prevailing party; (2) that the government's position not be substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee applicant file the requisite application within thirty days of final judgment.

*Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990)).

The Commissioner opposes the application for fees on the basis that the Commissioner's position was substantially justified.  *See id*.  As the United States Magistrate Judge noted, the term "substantially justified" for purposes of the EAJA means the following:

> The government's position under section 2412(d)(1)(A) is "substantially justified" if it is " 'justified in substance or in the main'— that is, justified to a degree that could satisfy a reasonable person." . . . "[A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."

*U.S. v. Real Property Located at 2323 Charms Road, Milford Twp., Oakland Cnty., Mich.*, 946 F.2d 437, 440 (6th Cir. 1991) (internal citations omitted).  "The government's failure to win its suit raises no presumption that its position was not substantially justified."  *Sec'y, U.S. Dep't of Labor v. Jackson Cnty. Hosp. Inc.*, Nos. 98-6664, 98-6665, 2000 WL 658843, at *3 (6th Cir. May 10, 2000).

In the case presently before the Court, Plaintiff objects to the R&R by arguing that the administrative law judge created a "flawed record" by failing to follow the Commissioner's rules and regulations by eliciting ambiguous testimony from the vocational expert.  Obj. 3–5 (citing 20 C.F.R. § 416.966(b)[2] and the

---

[2] This section provides, *inter alia*, the following:

> Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. . . . If work that you can do does not exist in the national economy, we will

Commissioner's Hearings, Appeals and Litigation Law Manual ("HALLEX")).

Plaintiff explains that HALLEX provides guidance to adjudicators of the Office of

Hearings and Appeals, including guidance regarding an administrative law

judge's responsibilities in eliciting testimony from a vocational expert. *Id*. at 3–4.

According to Plaintiff, the Commissioner's position therefore is not substantially

justified because she knew that the administrative law judge did not clarify the

vocational testimony, in violation of HALLEX. *Id*. at 4–5.  Plaintiff's arguments

are not well taken.

First, as the Commissioner points out, Resp. to Obj. 3, ECF No. 34,

Plaintiff raised her HALLEX argument for the first time in her objections to the

R&R.  Having failed to raise this argument first before the United States

Magistrate Judge, the Court declines to consider this argument here.  *See, e.g.,*

*Swain v. Comm'r of Social Sec.*, No. 09–3500, 379 F. App'x 512, at *517–18 (6th

Cir. June 7, 2010) ("[A] claim raised for the first time in objections to a magistrate

judge's report is deemed waived.") (citing *Ward v. United States*, No. 98-1872,

208 F.3d 216, 216 (Table) (6th Cir. Mar. 13, 2000)).

Second, even if it is not waived, Plaintiff's argument that the

Commissioner's position was not substantially justified because she knew that

the administrative law judge violated his responsibility by failing to clarify the

---

determine that you are disabled. However, if work that you can do does
exist in the national economy, we will determine that you are not disabled.

vocational testimony is unavailing. "HALLEX is an 'internal guidance tool' for use by ALJs and other staff members, is not published in either the Federal Register or the Code of Regulations, and does not have the force of law." *Alilovic v. Astrue*, No. 1:12CV323, 2012 WL 5611077, at *7 (N.D. Ohio Nov.15, 2012). HALLEX therefore simply provides guidelines and is "not binding on this court." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008). Although the Commissioner's decision was reversed because the Court found an ambiguity in the vocational evidence, the Court cannot say, based on the present record, that the existence of this ambiguity means that the Commissioner's position was not substantially justified. *Cf. id.* Moreover, as the United States Magistrate Judge correctly noted, the Commissioner's interpretation of the vocational evidence was reasonable. R&R 4, ECF No. 32 (citing Report and Recommendation, ECF No. 19).

For all of these reasons, Plaintiff's objections, ECF No. 33, are **OVERRULED**, and the R&R, ECF No. 32, is **ADOPTED**. Plaintiff's application for attorney fees under the EAJA, ECF No. 26, is **DENIED**.

IT IS SO ORDERED.

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**